IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIS JOHN YAZZIE,

    Petitioner,

vs.                                                                         No. CIV 24-0015 JB/JFR

UNITED STATES DISTRICT
COURT DISTRICT OF NEW MEXICO,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Petitioner Willis John Yazzie's failure to prosecute his Letter-Motion for Release Under False Imprisonment. See Letter from Willis John Yazzie to U.S. District Court Clerk (dated October 5, 2023)(Doc. 1), which the Court treats as a Motion for Release Under False Imprisonment ("Letter-Motion"). The Honorable John Robbenhaar, United States Magistrate Judge for the United States District Court for the District of New Mexico, recently directed Yazzie to clarify his filing using the 28 U.S.C. § 2241 form habeas petition and address the filing fee, as 28 U.S.C. § 1915(a) requires. See Order to Cure Deficiencies, filed July 15, 2024 (Doc. 3)("Cure Order"). Because Yazzie has not complied with the Cure Order and has severed contact following his release from custody, the Court, having reviewed applicable law and the record, dismisses this case without prejudice.

## BACKGROUND

Yazzie commenced this case on October 10, 2023, while in custody at Diersen Charities, Inc., a halfway house in Albuquerque, New Mexico. See Letter-Motion at 1, 3. The Bureau of Prisons ("BOP") placed Yazzie in the halfway house to serve the last six months of his federal

sentence, which stems from his criminal convictions in CR No. 10-1761 JB-KBM.  See Letter-Motion at 1.  The Letter-Motion alleges that Yazzie originally asked to be placed on home confinement rather than in a halfway house for the last six months of his sentence, but the BOP denied this request.  See Letter-Motion at 1.  Yazzie alleges that he elected to remain in federal prison for the last six months of his sentence following the BOP's refusal.  See Letter-Motion at 1.  Yazzie further alleges that the BOP placed him in the halfway house anyway following his release from federal prison, meaning he served an extra six months of incarceration when accounting for his good-time credits.  See Letter-Motion at 1-2.  The Letter-Motion challenges Yazzie's custody in the halfway house and primarily seeks a release from that custody.  See Letter-Motion at 1-2.  The Letter-Motion also purports to raise a claim for cruel-and-unusual punishment under The Eighth Amendment to the Constitution of the United States.  See Letter-Motion at 1-2.

The Court referred this matter to Magistrate Judge Robbenhaar for recommended findings and disposition, and to enter non-dispositive orders.  See Order of Reference Relating to Prisoner Cases, filed January 5, 2024 (Doc. 2).  Magistrate Judge Robbenhaar entered the Cure Order on July 15, 2024, which explains that "a challenge to the execution of a sentence should be brought [as a habeas petition] under 28 U.S.C. § 2241."  Cure Order at 1 (quoting Davis v. Roberts, 425 F.3d 830, 833 (10th Cir. 2005)).  See United States v. Furman, 112 F.3d 435, 438 (10th Cir. 1997)(claims "concerning good-time credit and parole procedure go to the execution of sentence and, thus, should be brought . . . under 28 U.S.C. § 2241"); McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997)(§ 2241 petition attacks execution of sentence by challenging matters that occur at prison, such as deprivation of good-time credits).  Magistrate Judge Robbenhaar therefore fixed a deadline of August 14, 2024, for Yazzie to: (i) file his claims on the

form 28 U.S.C. § 2241 petition; and (ii) prepay the $5.00 habeas filing fee or, alternatively, submit an in forma pauperis motion.  See Cure Order at 2.

The Clerk's Office mailed Yazzie a blank § 2241 petition and a blank motion to proceed in forma pauperis to assist with the filings.  The Cure Order warns that the failure to comply timely may result in dismissal of this case without further notice.  See Cure Order at 2.  The Cure Order further advises Yazzie that, if he seeks to raise a claim for cruel-and-unusual punishment under the Eighth Amendment, he should file a separate proceeding under 42 U.S.C. § 1983.  See Cure Order at 2.  See also Brown v. Buhman, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016)(§ 1983 action is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights").

Yazzie has not filed a § 2241 petition; paid any filing fee; or otherwise responded to the Cure Order, which Diersen Charities Inc. returned as undeliverable following Yazzie's release from the halfway house.  See Returned Mailing Envelope, entered August 15, 2024 (Doc. 4).  Yazzie has not disclosed his new address to the Clerk's Office, as the local rules require.  See D.N.M. Local Civil Rule 83.6 ("All . . . parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses.").  The Court therefore will consider whether to dismiss this matter for failure to prosecute and comply with the Cure Order.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("'A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply

with local or federal procedural rules.'")(citing Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)). As the United States Court of Appeals for the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation." See Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious"). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious, 492 F.3d at 1162. Those criteria include: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions." Nasious, 492 F.3d at 1162.

Here, Yazzie has not filed a § 2241 petition and addressed the filing fee, as the Cure Order and 28 U.S.C. § 1915(a) require. He also has not disclosed his new address to the Clerk's Office, as D.N.M.LR-Civ. 83.6 requires. In light of these failures, the Court will dismiss the Letter-

Motion pursuant to rule 41(b) for failure to prosecute.  See Olsen v. Mapes, 333 F.3d 1199 at 1204.  The dismissal will be without prejudice, after considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center.  The Court will also deny a certificate of appealability ("COA"), to the extent necessary, as the failure to prosecute this case is not reasonably debatable.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000)(holding that a COA only issues in habeas matters where "reasonable jurists would find the district court's assessment . . . debatable or wrong"); DeAtley v. Williams, 782 Fed. App'x 736, 737 (10th Cir. 2019)(declining to issue a COA after district court dismissed a habeas filing under Rule 41).

**IT IS ORDERED** that: (i) the letter from Petitioner Willis John Yazzie to U.S. District Court Clerk (dated October 5, 2023)(Doc. 1), which the Court treats as a Motion for Release Under False Imprisonment, is dismissed without prejudice; (ii) to the extent necessary, a certificate of appealability is denied; and (iii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Willis John Yazzie
*Petitioner, pro se*